IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY JARAMILLO,

    Plaintiff,

v.                                                                                     No. 20-cv-0444 WJ-SCY

GEO GROUP, INC., *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jeremy Jaramillo's Prisoner Civil Rights Complaint (Doc. 1-1). Plaintiff is incarcerated and proceeding *pro se*. He seeks damages after prison officials denied his request for furlough to attend his father's funeral. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but allow Plaintiff to amend one discrete claim.

### BACKGROUND[1]

Plaintiff was previously incarcerated at the Lea County Correctional Facility (LCCF). *See* Doc. 1-1 at 3. On June 4, 2018, Case Manager Cano informed Plaintiff that his father passed away. "Plaintiff felt she was very cold and un-empathetic to his loss." *Id.* Nevertheless, Cano advised that she would "get the ball rolling and the approval of then Warden Smith for … Plaintiff to attend the funeral." *Id.* at 4. Cano further advised that Plaintiff must pay the fee for two correctional officers and one sergeant to accompany him to the funeral. Such costs may be imposed pursuant

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

to CD Policy 101500.

Plaintiff alleges Cano delayed "things … as far as the approval from Warden Smith" and stated "she would need a little time in obtaining the approval." Doc. 1-1 at 4. Plaintiff's family delayed the funeral by two weeks. They also made "necessary preparations for … the payment of approx[imately] fifteen hundred dollars" in security escort fees. *Id.* A couple of days later, Warden Smith denied Plaintiff's furlough request. The reason for the denial was purportedly confidential. Plaintiff contends he met the criteria for furlough under CD Policies 101500 and 101501. He also alleges Warden Smith does not like Hispanic inmates and that security would not have been an issue, as Plaintiff's father was a retired New Mexico Correctional Department (NMCD) employee.

Construed liberally, the Complaint raises federal claims for: (1) discrimination under the Equal Protection Clause; (2) deliberate indifference in violation of the Eighth Amendment; (3) due process violations under the Fourteenth Amendment; and (4) First Amendment violations. *See* Doc. 1-1 at 8-9. The Complaint also raises state law claims for breach of implied promise/false promise, negligence/breach of duty, and intentional infliction of emotional distress. Plaintiff seeks damages from Case Manager Cano, Warden Smith, GEO Group, Inc., NMCD, and "John Doe 1-100." Doc. 1-1 at 1. Defendants removed the case from New Mexico's First Judicial District Court, and the matter is ready for initial review.

**STANDARD OF REVIEW**

The Court has discretion to dismiss a prisoner complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an

opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile.  *Id.* at 1109.

## DISCUSSION

Plaintiff alleges the denial of his prison furlough request violates his federal constitutional rights and various laws governing state torts and contract rights.  The Court will address each claim below.

### A.  The Complaint Fails to State a Federal Claim

Plaintiff's federal claims pertain to the Eighth Amendment, Due Process Clause, First Amendment, and Equal Protection Clause.  The Tenth Circuit holds that the denial of a furlough request does not violate "the Eighth Amendment right to be free from cruel and unusual punishment," the "right to equal protection," or the "right to due process under the Fourteenth

Amendment." *Lucero v. LeMaster*, 56 Fed. App'x 915, 915–16 (10th Cir. 2003). This is particularly true where, as here, furlough is discretionary. *See Lucero*, 56 Fed. App'x at 915. The CD Policies attached to the Complaint reflect that a furlough "*may* be granted by the Warden" based the "death of an immediate relative." Doc. 1-1 at 10 (emphasis added). And, with respect to the First Amendment, most courts hold that the Free Exercise Clause does not require prisons to grant furloughs to attend funeral services. *See, e.g., denied Free Exercise claims based on similar allegations. See, e.g., Beasley v. Konteh*, 433 F. Supp. 2d 874, 877 (N.D. Ohio 2006) (prisoners do not have a First Amendment right "to attend funerals of relatives"); *Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (same); *Butler v. Snyder*, 106 F. Supp. 2d 589, 594 (D. Del. 2000) (same).

The Tenth Circuit also holds more generally that the denial of furlough does not constitute a constitutional violation. *See also Moore v. Taylor*, 986 F.2d 1428 (10th Cir. 1993) (affirming screening dismissal because "denial of a request to attend a funeral … presented no arguable basis for imposing liability"); *Briggs v. Fields*, 61 F.3d 915 (10th Cir. 1995) (rejecting due process claim and noting "deprivation of the ability to participate in a furlough program is not an atypical and significant hardship" in prison). *Cf Olabode Olatoni Olugboyega v. Guzik,* 107 F.3d 21 (10th Cir. 1997) (addressing habeas petition, but noting denial of furlough request does not "make a substantial showing of the denial of a constitutional right"). Based on this authority, the Court will dismiss Plaintiff's claims under the Eighth Amendment, Due Process Clause, First Amendment.

The Complaint relies on more than the stand-alone denial of furlough to raise a claim for discrimination/Equal Protection violations. Plaintiff suggests Warden Smith denied his request because he dislikes Hispanic inmates. To state an equal protection claim, a plaintiff must show he was "treated differently from others who were similarly situated to [him]," and that the defendant

4

acted with discriminatory intent. *Carney v. Oklahoma Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017); *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Conclusory allegations will not suffice; plaintiffs must allege specific facts showing how "similarly situated individual[s]" have "been given … different or more beneficial treatment." *Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1215 (10th Cir. 2009). *See also Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1323 (10th Cir. 2010) (rejecting "vague and conclusory allegations, without specific facts").

Plaintiff merely alleges his treatment at LCCF was "disparate in nature" because he is Hispanic, that Warden Smith does not like inmates who are Hispanic and/or from Hobbs, New Mexico, and that "this was noted in many of his conversations with inmates and staff." Doc. 1-1 at 5. These allegations do not show Plaintiff was treated differently than any other inmate with respect to his furlough request. Accordingly, the claim for discrimination fails.

B.  The Complaint Fails to Allege a State-Law Violation

The Complaint also appears to raise state-law claims for intentional infliction of emotional distress, negligence/breach of duty, breach of implied promise, and "false promise." Warden Smith's denial of a furlough request does not amount to "extreme and outrageous conduct," as required to state a claim for emotional distress. *Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 41 P.3d 333, 342 (N.M. 2001). The same is true of Ms. Cano's delay and her allegedly "cold and un-empathetic" attitude with respect to the news. While Plaintiff certainly suffered a difficult loss, Ms. Cano is not required to project warmth and comfort in the course of her duties as an inmate case manager.

Plaintiff's claim for negligence and/or "breach of duty" also fails. "A negligence claim requires that the plaintiff establish four elements: (1) defendant's duty to the plaintiff, (2) breach

of that duty, typically based on a reasonable standard of care, (3) injury to the plaintiff, and (4) the breach of duty as cause of the injury." *Zamora v. St. Vincent Hosp.*, 335 P.3d 1243, 1249 (N.M. 2014). Furlough is discretionary, and there is no authority stating the denial of furlough constitutes a breach of any duty. As to "breach of implied promise," such claim is typically only relevant in contract cases. *See, e.g., Yedidag v. Roswell Clinic Corp.*, 346 P.3d 1136 (N.M. App. 2013) (analyzing an implied promise within the agreement). To the extent Plaintiff alleges there was an implied contract guaranteeing a furlough, such claim is frivolous. Finally, Plaintiff's claim for "false promise" or misrepresentation fails because the Complaint does not demonstrate any intent to deceive by Defendants. *See Filippi v. Wallin,* 2020 WL 7393241, at *6 (N.M. Ct. App. 2020) ("To state a [New Mexico] claim for deceit or fraud, whether based on a misrepresentation or omission, a plaintiff must, among other things, allege an intent to deceive by the wrongdoer").

### C. Leave to Amend

Having determined all state and federal claims fail, the Court will dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. *Pro se* prisoners are often given an opportunity to remedy defects in their pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts need not *sua sponte* invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Amending the claims would be futile, with one exception. Plaintiff cannot recover damages based on a furlough denial, as a matter of law. Because the discrimination/Equal Protection claim goes beyond the furlough denial, the Court will allow Plaintiff to amend only that claim within thirty (30) days of entry of this Order. All other claims are dismissed with prejudice. If Plaintiff declines to timely amend his Equal Protection

claim, the Court will dismiss that remaining claim with prejudice and without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this ruling, Plaintiff may amend his Equal Protection claim.

**IT IS FURTHER ORDERED** that all remaining federal and state claims in Plaintiff Jeremy Jaramillo's Prisoner Civil Rights Complaint (Doc. 1-1) are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE