IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY JARAMILLO,

    Plaintiff,

v.                                                     No. 20-cv-0444 WJ-SCY

GEO GROUP, INC., *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Jeremy Jaramillo's failure to file an amended civil rights complaint as directed. He is incarcerated and proceeding *pro se*. The Original Complaint (Doc. 1-1) seeks damages after prison officials denied Plaintiff's furlough request to attend his father's funeral. According to Plaintiff, Case Manager Cano initially advised she would "get the ball rolling and the approval of then-Warden Smith for … Plaintiff to attend the funeral." Doc. 1-1 at 4. However, Cano allegedly delayed "things … as far as the approval from Warden Smith" and stated "she would need a little [more] time." *Id.* Plaintiff's family delayed the funeral by two weeks. They also made "necessary preparations for … the payment of approx[imately] fifteen hundred dollars" in security escort fees, may be imposed pursuant to CD Policy 101500. *Id.* Warden Smith ultimately denied Plaintiff's furlough request. Plaintiff contends he met the criteria for furlough under CD Policies 101500 and 101501, but that Warden Smith does not like Hispanic inmates. Plaintiff also maintains security would not have been an issue, as his father was a retired New Mexico Correctional Department (NMCD) employee.

The Original Complaint raises federal claims for: (1) discrimination under the Equal Protection Clause; (2) deliberate indifference in violation of the Eighth Amendment; (3) due process violations under the Fourteenth Amendment; and (4) First Amendment violations. It also raises state law claims for breach of implied promise/false promise, negligence/breach of duty, and intentional infliction of emotional distress. The Original Complaint names Case Manager Cano, Warden Smith, GEO Group, Inc., NMCD, and "John Doe 1-100." *See* Doc. 1-1 at 1.

By a ruling entered September 27, 2021, the Court screened the Original Complaint and determined it fails to state a cognizable claim. *See* Doc. 5 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against government officials). The Tenth Circuit has repeatedly held that the denial of a furlough request does not violate the Constitution. *See Lucero v. LeMaster*, 56 Fed. App'x 915, 915–16 (10th Cir. 2003); *Moore v. Taylor*, 986 F.2d 1428 (10th Cir. 1993); *Briggs v. Fields*, 61 F.3d 915 (10th Cir. 1995). As to the federal claim for discrimination, Plaintiff failed to allege facts showing how "similarly situated individual[s]" have "been given … different or more beneficial treatment." *Straley v. Utah Bd. of Pardons,* 582 F.3d 1208, 1215 (10th Cir. 2009). *See also Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1323 (10th Cir. 2010) (rejecting "vague and conclusory allegations [about discrimination], without specific facts"). Finally, as described in more detail in the Screening Ruling, the denial of a furlough request does amount to infliction of emotional distress, negligence/breach of duty, breach of implied promise, or "false promise" under New Mexico law. *See* Doc. 5 at 5-6. The Court therefore dismissed the Original Complaint for failure to state a cognizable claim.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), the Court considered whether to invite an amendment *sua sponte*. The Court determined amending the claims would be

futile, with one exception. Plaintiff cannot recover damages based on a furlough denial, as a matter of law. Because the discrimination/Equal Protection claim goes beyond the furlough denial, the Court allowed Plaintiff to amend that claim within thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that the failure to timely amend may result in the dismissal of this entire case with prejudice. The deadline to comply was October 27, 2021. Plaintiff did not amend his discrimination/Equal Protection claim or otherwise respond to the Screening Ruling. The Court will therefore dismiss this entire action with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff Jeremy Jaramillo's Prisoner Civil Complaint (**Doc. 1-1**), including the remaining discrimination/Equal Protection claim, is **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE